UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

IRONWORKERS DISTRICT COUNCIL
OF SOUTHERN OHIO & VICINITY BENEFIT
TRUST, ET AL.,

                Plaintiffs,

-vs-

GARY WILLIAMS, D/B/A ARC
CONSTRUCTION

                Defendant.

Case No. 3:09-CV-053

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST GARY WILLIAMS, D/B/A ARC CONSTRUCTION (Doc #7).**

---

      This is an action brought by three employee benefit plans against an employer, Gary Williams, d/b/a Arc Construction ("ARC"), to collect allegedly delinquent contributions owed to the plans. The three benefit plans are the Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust ("Benefit Trust"), the Iron Workers District Council of Southern Ohio & Vicinity Pension Trust ("Pension Trust") and the Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust ("Annuity Trust"). Each plan is governed by a Trust Agreement and are herein referred to collectively as "the Funds."

      The Funds are benefit plans maintained pursuant to employer contributions required by collective bargaining agreements between eleven unions and signatory employers. Therefore, the Funds are multi-employer plans within the meaning of Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1002(37)(A).

This Court has jurisdiction over this matter pursuant to ERISA, 29 U.S.C. § 1132(e)(1), which provides that the United States District Courts shall have exclusive jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce the provisions of ERISA or the terms of the plan or the violations of 29 U.S.C. § 1145.

This action was commenced on February 10, 2009. ARC was served with the Complaint on April 14, 2009 and has not answered. Pursuant to Fed.R.Civ.P.55(a), the Clerk entered the default of ARC on May 6, 2009. Now before the Court is the Funds' unopposed Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b).

## FACTUAL BACKGROUND

This factual background is based upon information provided in an Affidavit executed by Peggy Gotthardt ("Gotthardt"). Gotthardt is employed by the Funds and is responsible for monitoring employer contributions to the Funds and performing various activities related to the collection of delinquent employer contributions. (Affidavit of Peggy Gotthardt ("Gotthardt Aff.") ¶¶ 2-3, May 6, 2009).

ARC employed iron workers represented by Iron Workers Local 22, Indianapolis, Indiana during the relevant periods.(Id. at 25.) Additionally, ARC agreed to and was bound by both a collective bargaining agreement ("CBA") on May 26, 2007 as well as the Participation Agreement, which obligated ARC to the terms and provisions of the Agreement and Declaration of Trust ("Trust Agreement"), signed on March 26, 2007. (Id. at ¶ 19, Ex 6). These agreements required the employer to make monthly contributions, in specific amounts, to the Funds for every

hour worked by covered employees. (Id. at ¶¶18, 22.) The record indicates that ARC submitted reports of employee hours but failed to submit employer contributions for the period of June, 2008 through September, 2008 as required by the CBA and the Participation Agreement. (Id. at ¶25.)

Based upon the hours worked, as reported by ARC, Gotthardt calculated the amount owed by ARC according to the provisions of the Trust Agreement as: $15,637.03 to the Benefit Trust; $18,764.33 to the Pension Trust; and $8,370.38 to the Annuity Trust for a total balance due of $42,771.74. (Id. at ¶¶26-29.) These totals include delinquent employer contributions, liquidated damages, and pre-judgment interest. Considering the time sensitive nature of these calculations the Court will assume that they were calculated as of May 6, 2009, the day Gotthardt's affidavit was executed. The Funds also seek the costs of this action.

## ANALYSIS

The Funds now seek a default judgment against ARC in the amount computed by Gotthardt and detailed in her affidavit. The Funds also seek interest computed pursuant to 28 U.S.C. § 1961 and the costs of this action. ERISA, 29 U.S.C. §1332, is the controlling law and requires that the terms of the contract be used before the interest on unpaid contributions can be calculated pursuant to section 6621 of Title 26.

The Funds seek a default judgment pursuant to Fed.R.Civ.P.55(b) but do not specify which subsection of Rule 55(b). Rule 55(b)(1) provides that judgment by default may be entered when the claim is for a sum certain or for a sum which can by computation be made certain if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

Sums certain are sums that can be calculated from the terms of a written document such as a contract or promissory note. *Dailey v. R & J Commercial Contracting*, 2002 WL 484988 at *3 (S.D. Ohio Mar. 28, 2002). Rule 55 (b)(2) provides that a court may determine what is an appropriate amount of damages that cannot simply be calculated from the terms of a written document. *Id*.

It is undisputed that ARC signed the CBA with Local 22 and the Participation Agreement with the Funds. Therefore, ARC was obligated by the terms of these agreements to make contributions to the Funds. It is also undisputed that ARC failed to make certain employer contributions and pay interest as required by the agreements. Finally, it is undisputed that the Funds are multi-employee benefit plans within the meaning of ERISA, 29 U.S.C. §1145, which provides that,

> Every employer who is obligated to make contributions to a multi employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent and not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

ARC's failure to make the contributions required by the CBA and the Participation Agreement are, thus, a violation of 29 U.S.C. §1145 for which the Funds now seek a remedy. ERISA, 29 U.S.C. §1132(g)(2) provides the terms of a remedy as follows;

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>     (I) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

As a result, the amount of damages for delinquent contributions, interest, and liquidated damages due by ARC must be calculated according to the contract unless the text of ERISA establishes otherwise. The contract information is located in Article III of the Benefit Trust, Article VIII of the Pension Trust, and Article VIII of the Annuity Trust. In this case the delinquent contributions have been calculated and are undisputed.

However, there are two problems with the amounts of liquidated damages. First, the liquidated damages sought exceed 20% of the delinquent employer contributions in violation of 29 U.S.C. §1132(g)(2)(C)(ii). Second, the Benefit Trust, Pension Trust, and Annuity Trust agreements provide that interest is to be calculated, "on all delinquent payments, *liquidated damages*, and accumulated interest until paid." (Gotthardt Aff. Ex. 1)(emphasis added). On its face these sections violate §1132(g)(2)(B), which requires that interest be calculated only on unpaid contributions, not liquidated damages. As a result the sums calculated by Gotthardt do not comply with the mandates of ERISA and, thus, are uncertain.

## CONCLUSION

Therefore, the Court is unable to find a sum certain pursuant to Rule 55(b)(1) as the Plaintiffs' claimed damages violate the provisions of ERISA 29 U.S.C. §1132(g)(2). Consequently, the Plaintiffs' Motion for Default Judgment against Gary Williams, d/b/a ARC Construction is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio, this Fourth day of June, 2009.

                                      **s/ Thomas M. Rose**
                                      _____
                                      THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE